OPINION OF THE COURT
Per Curiam.
By order dated July 16, 2010, the Supreme Court of Minnesota publicly reprimanded the respondent and placed him on probation for a period of two years, subject to the terms and conditions set forth in that order. The order was predicated upon a petition for disciplinary action dated May 27, 2010, which was filed by Minnesota’s Director of the Office of Lawyers Professional Responsibility. The petition alleged that the respondent transferred client funds in the amount of $200,000 into financial institutions that had not been approved as depositories for Minnesota client funds; failed to ensure that the balance of his attorney trust account was sufficient to cover a transfer of earned fees; failed to maintain the required trust account balances and reconciliations; and commingled $10,000 to $12,000 of his own funds with client funds. Based upon the foregoing, the petition charged that the respondent violated rule 1.15 (a), (b), (c) (3) and (d) and (f) of the Minnesota Rules of Professional Conduct. The respondent entered into a stipulation, pursuant to which he waived his further procedural rights, admitted to the allegations in the petition, and joined in the recommendation of the sanction to be imposed.
On or about February 29, 2012, the Grievance Committee for the Ninth Judicial District served the respondent with a notice pursuant to 22 NYCRR 691.3, advising him of his right to file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c), and to demand a hearing at which consideration would be given to any of the defenses raised. The respondent submitted a verified statement dated March 23, 2012, in which he asserted that the imposition of reciprocal discipline in New York would be unjust and requested a hearing.
By decision and order on application of this Court dated May 15, 2012, the Grievance Committee’s application to impose reciprocal discipline was held in abeyance, pending a hearing, and the issues raised were referred to the Honorable John M. Peroné, as Special Referee, to hear and report with respect to the order of the Supreme Court of Minnesota dated July 16, 2010, and the respondent’s asserted defense to the imposition of reciprocal discipline.
*192 A hearing was held on October 24, 2012. At the outset, the respondent, who appeared pro se, withdrew his defense to the imposition of reciprocal discipline. However, he was afforded the opportunity to present testimony regarding the circumstances of the Minnesota sanction, and his subsequent compliance with the terms and conditions set forth in the order of the Supreme Court of Minnesota dated July 16, 2010, all of which had been met. Following the hearing, the Special Referee determined that there was no impediment to the imposition of reciprocal discipline. The Grievance Committee now moves to confirm the Special Referee’s report, and to impose such reciprocal discipline upon the respondent as this Court deems just and proper. The respondent has submitted no papers in response to the motion.
Under the totality of the circumstances, we conclude that there is no impediment to the imposition of reciprocal discipline, and that the underlying conduct would have warranted discipline had it been committed in New York. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report is granted, the Grievance Committee’s application to impose reciprocal discipline is granted, and the respondent is publicly censured based upon the disciplinary action taken against him by the Supreme Court of Minnesota.
Eng, EJ., Rivera, Skelos, Dillon and Chambers, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
Ordered that the petitioner’s application to impose reciprocal discipline pursuant to 22 NYCRR 691.3 is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent, Marc G. Kurzman, admitted as Marc Geoffrey Kurzman, is publicly censured for his professional misconduct.